IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ESTATE OF PEGGY D.,**[1]

         Plaintiff,

       v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

         Defendant.

**Civ. No. 6:19-cv-01046-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff Peggy D. was denied Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. Her estate[2] appeals to this Court, arguing that the Administrative Law Judge ("ALJ") erred by improperly rejecting treating medical opinions. Because the Commissioner of Social Security's ("Commissioner") decision has several errors, and because the record clearly reveals Plaintiff is disabled under the Act, the Commissioner's decision is REVERSED and this matter is REMANDED for an award of benefits.

**<u>STANDARD OF REVIEW</u>**

The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). A reviewing court will affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *Id.*; *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party.

[2] Plaintiff passed away in 2019. Pl.'s Op. Br. 2, ECF No. 17.

but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the Court reviews the entire administrative record, weighing both the evidence that supports and detracts from the ALJ's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## **DISCUSSION**

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920 (2012). The initial burden of proof rests on the claimant to meet the first four steps. If the claimant satisfies his burden with respect the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's RFC, age, education, and work experience. *Id.* If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner finds that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease; bilateral carpal tunnel syndrome; trigger fingers; rheumatoid arthritis; Dupuytren's contraction; and osteopenia. Tr. 23.[3] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled any of the Listing of Impairments. Tr. 24. The ALJ assigned Plaintiff the following RFC:

---

[3] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

> The claimant [can] . . . perform light work . . . except she is limited to lifting 20 pounds occasionally and 10 pounds frequently and carrying 20 pounds occasionally and 10 pounds frequently; she is limited to sitting up to 6 hours in an 8-hour workday and standing and walking 6 hours total in an 8-hour workday; she is limited to pushing and pulling as much as lifting and carrying; she is limited to handling, fingering, and feeling at the frequent level bilaterally; she is limited to climbing ramps and stairs and ladders and scaffolds frequently; she can stoop, crouch, crawl, and kneel frequently; she would be precluded from working around heights.

Tr. 25. Based on the vocational expert's ("VE") testimony, the ALJ concluded Plaintiff could perform past relevant work as a short order cook. Tr. 33. The ALJ thus determined that Plaintiff was not disabled. Tr. 33.

Plaintiff argues that the ALJ erred in weighing the treating medical opinions in the record. The ALJ is tasked with resolving conflicts in the medical record. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222 (9th Cir. 2010) (internal quotation marks and citation omitted). An ALJ may reject the uncontradicted medical opinion of a treating or examining physician only for "clear and convincing" reasons supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ may reject the contradicted opinion of a treating or examining doctor by providing "specific and legitimate reasons that are supported by substantial evidence." *Id.* Opinions of non-treating or non-examining physicians "may . . . serve as substantial evidence when the opinions are consistent with . . . other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

## I. Dr. Goel

Plaintiff argues that the ALJ incorrectly rejected the opinion of Dr. Anita Goel, Plaintiff's treating rheumatologist. *See* Pl.'s Op. Br. 5–10, ECF No. 17. Dr. Goel completed a questionnaire where she opined that Plaintiff was limited to sedentary work, that Plaintiff could lift no more than

10 pounds at a time, that Plaintiff required the ability to sit and stand at will to avoid stiffness, that Plaintiff's hands were so impaired that she would struggle with regular manipulations, and that Plaintiff would miss more than two days of work per month. Tr. 1090–92. The ALJ rejected Dr. Goel's opinion because: (1) Dr. Goel failed to provide sufficient objective findings with her checkbox form; (2) Dr. Goel's suggested limitations conflicted with Dr. Goel's own treatment notes; and (3) the opinion contradicted Plaintiff's daily activities. Tr. 31.

The Court agrees with Plaintiff that the ALJ improperly discounted Dr. Goel's testimony. First, the record supports Plaintiff's contention that Dr. Goel provided sufficient objective findings. For example, Dr. Goel explicitly stated that Plaintiff suffered from "significant pain, stiffness and deformity of her hands." Tr. 1091. Before providing her questionnaire, Dr. Goel both personally observed and had x-rays taken which further revealed Plaintiff's severe hand limitations. *See* tr. 759, 763 (noting that Plaintiff displayed deformities and progressive erosive disease in her hands); tr. 749, 752 (observations that Plaintiff had decreased range of motion, strength, and swelling in her hands); tr. 1072 (x-rays from April 2017 confirming progressive issues with Plaintiff's hands). And there was also objective evidence supporting Dr. Goel's determination that Plaintiff would struggle with either sitting or standing for a prolonged time. Tr. 1090–91; *see* tr. 1002 (x-ray of the feet revealing deformity), tr. 1071 (x-ray revealing forefoot degeneration and plantar calcaneal spur formation). Concerningly, the ALJ ignored the lower extremity x-rays. *See* tr. 22–33. While an "ALJ need not accept the opinion of . . . a treating physician . . . if that opinion is . . . inadequately supported by clinical findings," that is not the case here. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and citation omitted).

Second, Dr. Goel's treatment notes support, rather than conflict, with her opined limitations for Plaintiff. This includes times where Dr. Goel noted Plaintiff's permanent damage from

rheumatoid arthritis, a severe degree of deformity, and a specific note that Plaintiff has "functional hand limitations due to pre-existing [rheumatoid arthritis] damage and unfortunately will have to live with this." Tr. 749; *see also* tr. 752–53, 756, 763. And despite the ALJ's interpretation that Orencia improved Plaintiff's condition, Dr. Goel's treatment notes reveal that Plaintiff struggled to self-medicate because of her hand deformities and she required medication beyond Orencia. Tr. 753 (prescribing metholresate after already prescribing Orencia to Plaintiff), tr. 756 (noting Plaintiff's difficulty with self-medicating because of hand deformities).

Third, the ALJ's reliance on Plaintiff's daily activities was misplaced. The ALJ found that Plaintiff's self-reported activities of shopping in stores, performing household chores, and preparing simple meals suggested conflict with Dr. Goel's opinion. Tr. 31. But the ALJ's characterization of Plaintiff's daily activities paints with too broad a brush. At the hearing, Plaintiff testified that she struggled with washing dishes and folding laundry because of pain. *See* tr. 54, 60–61. Plaintiff also stated on an Adult Function Report that she could not complete simple tasks, such as opening bottles or buttoning her pants, because of her hand limitations. Tr. 304. When considering Plaintiff's testimony about her daily activities, the ALJ erred in finding that they went against Dr. Goel's opinion.

In sum, the ALJ erred in rejecting Dr. Goel's opinion without relying on substantial evidence. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

## II. Dr. Walker

Plaintiff next argues that the ALJ erred in rejecting the opinion of treating physician Dr. Luke Walker. Pl.'s Op. Br. 10–14. Like Dr. Goel, Dr. Walker also provided a questionnaire where he opined that Plaintiff was limited to sedentary work, that Plaintiff should be able to sit and stand at will, that Plaintiff could only sometimes reach shoulder height and never overhead, and that

Plaintiff should be severely limited in any hand manipulation requirements. Tr. 1076–78. And like Dr. Goel, Dr. Walker also stated that Plaintiff would miss more than two days of work per month. Tr. 1078. The ALJ rejected Dr. Walker's opinion for four reasons: (1) Dr. Walker provided a checkbox form without providing sufficient objective findings; (2) the limitations suggested by Dr. Walker diverged from his treatment notes; (3) that Orencia and treatment improved Plaintiff's symptoms; and (4) Dr. Walker's opinion conflicted with Plaintiff's daily activities. Tr. 31.

The parallels between the ALJ's incorrect evaluation of Dr. Goel's opinion and Dr. Walker's opinion is apparent. First, Dr. Walker's opinion is supported by sufficient objective findings. *See* tr. 395, 599, 671–74, 1077–78, 1080–89. The Commissioner challenges Dr. Walker's questionnaire where he wrote, "See note," arguing that a such vague notation justifies the ALJ's rejection of Dr. Walker's opinion. Def.'s Br. 5, ECF No. 20 (citing tr. 1076–78). But this argument ignores the fact that Dr. Walker included an addendum with his questionnaire, which were treatment notes from two of Plaintiff's office visits. Tr. 1080–89. Without the addendum, it may have been reasonable for the ALJ to consider Dr. Walker's opinion inadequate. Instead, with the addendum, it was legal error for the ALJ to find that Dr. Walker's opinion was unsupported by sufficient objective findings.

Second, the ALJ incorrectly found that Dr. Walker's treatment notes contradicted his opined limitations for Plaintiff. The treatment notes from Dr. Walker's addendum reveal abnormal findings on Plaintiff's hands, severe deformities, and a poor prognosis considering the degree of Plaintiff's rheumatoid arthritis. Tr. 1081, 84–85. There are also earlier treatment notes from Dr. Walker that suggested Plaintiff was struggling with walking and hand manipulation in 2007. Tr. 395. The Court agrees with Plaintiff that "the ALJ did not identify with specificity which

examination is inconsistent with Dr. Walker's opinion," which constitutes legal error. Pl.'s Op. Br. 12 (citing tr. 31); *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015).

Third, the ALJ also erred in finding that treatment and Orencia improved Plaintiff's symptoms. Like Dr. Goel, Dr. Walker also noted Plaintiff's severe symptoms after beginning treatment and medication. For example, in Dr. Walker's treatment notes, he observed that Plaintiff continued to suffer from swelling, fatigue, and Dupuytren's contractions. *See* tr. 671–74. Rather than establish that treatment was effective, this instead shows that "Orencia did not change the permanent damage in [Plaintiff's] hands." Pl.'s Op. Br. 12–13.

And finally, Plaintiff's daily activities do not contradict Dr. Walker's opinion that Plaintiff could only perform sedentary work that required little use of her hands, and that Plaintiff needed to miss multiple days of work per month. Tr. 1076–78. As discussed, Plaintiff's daily activities were severely limited by symptoms related to her rheumatoid arthritis. Tr. 54, 60–61. Plaintiff "should not be penalized for attempting to lead [a] normal li[fe] in the face of [her] limitations." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

For these reasons, the Court finds that the ALJ failed to provide legitimate reasons, supported by substantial evidence, when rejecting Dr. Walker's opinion.

### III. Remedy

Because Dr. Goel and Dr. Walker were both Plaintiff's treating physicians, their opinions were entitled to greater weight, and the ALJ erred in discounting these opinions. *See Bray*, 554 F.3d at 1228 ("A treating physician's opinion is entitled to 'substantial weight.'"). As the ALJ erred, the question is whether to remand for further administrative proceedings or an award of benefits. Generally, "when an ALJ's denial of benefits is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or

explanation.'" *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)). But an award of benefits can be directed "where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Remand for calculation of benefits is only appropriate where the credit-as-true standard has been satisfied, which requires:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted).

This case is a rare instance in which remand for an award of benefits appropriate. As noted, Plaintiff testified that she was severely limited by her symptoms. Tr. 54, 60–61, 304. And there are many treatment notes from both Dr. Goel and Dr. Walker detailing Plaintiff's struggles with walking and hand manipulations. Although there is some evidence of medication reducing Plaintiff's symptoms temporarily, the record reveals that even during those time periods, Plaintiff was still permanently impaired by her limitations.

While the ultimate question of disability is one reserved for the Commissioner, Plaintiff's treating physicians opined that Plaintiff could not reach above her shoulder with either arm, she could not reach above her head with either extremity, that she could sometimes handle and feel, but no reaching or fingering. *See* tr. 1076–78, 1090–93. When the ALJ presented a similar hypothetical to the VE at Plaintiff's hearing, the VE responded that such a person is not employable. Tr. 68.

Here, the credit-as-true standard has been satisfied. The record has been fully developed, the ALJ erred in rejecting the treating medical opinions, and that evidence, if credited as true,

would require the ALJ to find Plaintiff disabled. *Garrison*, 759 F.3d at 1020. As Plaintiff could not sustain gainful employment in any job, remand for additional proceedings would serve no useful purpose.

## **CONCLUSION**

The decision of the Commissioner is REVERSED and this matter is REMANDED to the Commissioner for the immediate calculation and payment of benefits.


IT IS SO ORDERED.

DATED this 11th day of March, 2021.

_s/Michael J. McShane_____
Michael J. McShane
United States District Judge